# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:10cr162** |
| | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **GOSSI NIAKATE,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court are the parties' motions *in limine*.  Having been briefed, the matters are ripe for disposition.

**Background**

On May 25, 2010, a grand jury sitting in Scranton, Pennsylvania indicted Defendant Gossi Niakate, an alien, on one count of willfully refusing and hindering his removal from the United States in violation of 8 U.S.C. § 1253(a)(1)(A)(B) and (C).  After defendant made an initial appearance, the court scheduled a trial date and set deadlines for filing pre-trial motions.  (Doc. 12).  After granting several extensions of time requested by the defendant, the court scheduled trial to begin on June 20, 2011.  (Doc. 40).  The government filed motions *in limine* in anticipation of the pre-trial conference.  (Docs. 36, 38).  The defendant did not respond to these motions until ordered to do so (twice) by this court.  (See Docs. 40, 42).  In responding to these motions, the defendant also filed a separate motion for the government to produce a document, bringing the case to its present posture.

**Discussion**

### I. Government's Motions

The government has filed two motions *in limine*. The court will address each in turn.

#### A. Motion to Introduce Evidence of Defendant's Prior Conviction

The government relates that defendant was convicted of a felony, Fraud in Relation to False Identification Documents, 18 U.S.C. § 1028, in October 2003. The statute carries a maximum penalty of 15 years and occurred in the Eastern District of Pennsylvania. The government intends to impeach defendant's credibility with this conviction if he decides to take the stand. According to the government, Federal Rule of Evidence 609(a)(2) allows for evidence of a prior felony conviction for dishonesty to be introduced for this purpose. The defendant has not responded to this motion.

The court will grant the motion, both as unopposed and because Federal Rule of Evidence 609(a)(2) clearly allows for introduction of the fact of the conviction for the purpose the government intends. That rule provides that "[f]or the purpose of attacking the character for truthfulness of a witness . . . (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by a witness." FED. R. EVID. 609(a)(2). Defendant was convicted of fraud in relation to false identification

documents, and that crime requires a showing that defendant knowingly engaged in the use or possession of false identity documents.  See 18 U.S.C. § 1028(a)(1-8). As such, the government may introduce this evidence on cross-examination to attack defendant's character for truthfulness.

### B. Motion to Exclude Justification or Necessity Defense

The United States seeks to preclude defendant from introducing a justification or necessity defense in this case.  The government argues that the defendant is precluded by statute from challenging the validity of his deportation order at trial without first filing a motion, and he has not done so.  Moreover, no court has found defendant's immigration proceedings deficient and a jury should not be allowed to disturb the findings of the immigration tribunals, which defendant did not appeal. Moreover, defendant cannot make out a prima facie case of justification or necessity and is therefore precluded from raining that affirmative defense at trial.  Defendant responds that preventing him from presenting such a defense would violate his constitutional due process rights.

The United States cites to a portion of the United States Code that provides that "[i]f the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 243(a) may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial." 8 U.S.C. § 1252(b)(7).  Section 243(a) of the Immigration and Nationality Act is the provision defendant is accused of violating.  Defendant was first

subject to a final order of removal in June 2004. He did not appeal this decision, but he also did not leave the country, in part due to criminal charges filed against him in the Eastern District of Pennsylvania. In 2007, defendant filed a motion to reopen his case, which was denied. Defendant then faced a final, judicially determined order of removal, but he did not voluntarily depart the United States. On October 20, 2009, the Bureau of Immigration and Customs Enforcement took defendant into custody. Since that time, defendant has refused to cooperate with attempts to deport him, including four instances where he created a commotion at airports or on airplanes, thwarting his removal.

The defendant did not file the motion required to allow him to challenge the validity of the removal order, and this provision thus applies. Indeed, the defendant does not address this argument directly, but instead relies on general principles regarding the right of the accused to present the defense of his choice as means of challenging the government's motion. The court will therefore grant the motion insofar as it relates to any attempts to challenge the validity of the removal order. The defendant will be precluded from arguing that the removal order, which has been the subject of appeals and final orders from the appropriate court, is itself invalid.

Though the defendant may not challenge the validity of the order of removal at trial, he could theoretically raise the affirmative defense of justification, that necessity required him to violate the order of removal and resist deportation. The government

4

also seeks to preclude the defendant from raising these defenses, arguing that defendant cannot make out a prima facie case for them. "A court may rule pretrial on a motion to preclude a defendant from presenting a duress defense where the government contends that the evidence in support of that position would be legally insufficient." United States v. Miller, 59 F.3d 417, 421 n.1 (3d Cir. 1995).

In the Third Circuit, a "justification defense has four elements: (1) that the defendant or someone else was under unlawful and present threat of death or serious bodily injury; (2) that the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative that would avoid both the criminal conduct and the threatened death or injury; and (4) that there was a direct causal relationship between the criminal act and the avoidance of the threatened harm." United States v. Dodd, 225 F.3d 340, 342 (3d Cir. 2000); see also, United States v. Fores-Santos, 269 Fed. Appx. 196, 198 (3d Cir. 2008) (applying these elements to a hindering-removal case). The defendant has the burden of making out a *prima facie* case of justification. United States v. Naovasisri, 150 Fed. Appx. 170, 175 (3d Cir. 2005).

The court finds that a ruling on whether defendant can argue a necessity defense to the jury is premature at this point and will deny the motion without prejudice to the government raising it again at an appropriate time. Evidence of defendant's alleged necessity in resisting the order of removal has not been

presented to the court.  The court concludes that the best procedure will be to wait until the defendant has put on his case and then determine whether he has provided sufficient evidence to allow for a jury instruction on this affirmative defense. Defendant must make out a *prima facie* case.  See, e.g. United States v. Madefro, 122 Fed. Appx. 322, 323 (9th Cir. 2005) (finding that the district court correctly refused to give instructions on defense and necessity defenses in a failure-to-depart case because defendant had failed to make out a prima facie case for either defense).  The defendant will bear the burden of persuasion on this affirmative defense, since proof of justification in this matter would not "negate an element of the offense." Dodd, 225 F.3d at 344.  As in the statute in question in Dodd, the defendant's evidence of justification would not undermine any of the elements of the offense, but would explain why defendant was justified by the circumstances in knowingly avoiding an order of removal.  Id.

## II. Defendant's Motion

The defendant moves to have the government produce a complete copy of his A-file and transcript regarding the defendant.  The government has informed the court that it does not oppose this motion, and the court will grant it as unopposed.

**Conclusion**

For the reasons stated below, the court will grant the government's motions in part and deny them in part.  The court will grant the defendant's motion.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:10cr162 |
| | : | |
| | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **GOSSI NIAKATE,** | : | |
| **Defendant** | : | |

## ORDER

**AND NOW**, to wit, this 7th day of June 2011 the government's motions *in limine* are hereby **GRANTED** in part and **DENIED** in part, as follows:

1. The government's motion *in limine* to introduce evidence of defendant's prior conviction (Doc. 36) is hereby **GRANTED**; and

2. The government's motion *in limine* to preclude defendant from alleging justification and/or necessity (Doc. 38) is hereby **GRANTED** with respect to defendant arguing that the order of removal in this case was invalid and **DENIED** with respect to affirmative defense of justification and/or necessity without prejudice to the government raising the motion again at an appropriate time.

The defendant's motion to have the government produce his A-File and transcript (Doc. 46) is hereby **GRANTED** as unopposed

                    **BY THE COURT:**

                    **s/ James M. Munley**
                    **JUDGE JAMES M. MUNLEY**
                    **UNITED STATES DISTRICT COURT**